The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number:

Filing Date: July 3, 2025

**NO. S-1-SC-38669**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**STEVEN MIKE PELT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Raúl Torrez, Attorney General
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**THOMSON, Chief Justice.**

{1}    A sex offender whose sentence is deferred or suspended must "serve an indeterminate period of supervised probation" ranging from five to twenty years. NMSA 1978, § 31-20-5.2(A) (2003). After "the initial five years on supervised probation," and every two and one-half years thereafter, Section 31-20-5.2(B) provides for a probation duration review hearing in which the state bears the burden of proving to a reasonable certainty that probation should continue. This case involves calculating the time a sex-offender probationer must serve in order to meet the initial five-year requirement for a probation duration review hearing, pursuant to Section 31-20-5.2(B).

{2}    The State appeals from a district court order concluding that habeas petitioner Steven Mike Pelt (Pelt) is entitled to a sex-offender probation duration review hearing after having served more than the required five years of *probation*, pursuant to Section 31-20-5.2(B). The State challenges the district court's calculation of probation time served for purposes of a probation duration review hearing, specifically the court's inclusion of two buckets of time during which Pelt served in-house *parole*: (1) the time Pelt served on in-house parole *after* his sentence was completed but *before* he was released into the community (Pre-Release Time) and

(2) the time Pelt served on in-house parole after his parole was revoked for parole violations (Revocation Time). In essence, the State argues that only the time served on probation in the community counts toward Pelt's five-year probation duration review hearing. Pelt asserts that the district court properly credited his Pre-Release Time, but he neither contests nor concedes that the district court properly credited his Revocation Time.

{3}     To advance their positions, both parties rely primarily on the terms of our general probation statute, NMSA 1978, § 31-20-5 (2003), arguing that its provisions apply to sex offenders in addition to the sex-offender-specific statute, § 31-20-5.2. This is for good reason; the terms of the general probation statute, if applicable, provide a clear framework for calculating time served on probation for purposes of a probation duration review hearing. The general probation statute provides that time served on parole is credited toward time served on probation unless parole has been revoked, in which case the time served on in-house parole—Revocation Time—does not count toward probation. *See* § 31-20-5(B). However, this Court has never analyzed whether both the general and the sex-offender-specific probation statutes apply to sex offenders.

{4}     We take this opportunity to answer that question in the affirmative. We hold that both the general probation statute and the sex-offender-specific statute apply to

sex offenders. We further hold that, under the terms of the general probation statute, § 31-20-5(B), Pre-Release Time counts toward a sex-offender probationer's initial five-year probation duration review hearing, but Revocation Time does not. Because the district court included Revocation Time in its determination that Pelt is entitled to a probation duration review hearing, we reverse and remand to the district court with instructions to recalculate the time credited toward Pelt's probation duration review hearing in accordance with this opinion.

## I. BACKGROUND

{5} On December 29, 2008, Pelt pleaded no contest to one charge of criminal sexual contact with a minor under the age of thirteen, contrary to NMSA 1978, Section 30-9-13(C) (2003). He was sentenced to six years in prison with three years suspended and subject to an indeterminate period of mandatory supervised probation pursuant to Section 31-20-5.2(A). Pelt's three-year sentence in the New Mexico Corrections Department (NMCD) ended on May 4, 2011, and his probation began that same day per the order of probation, as did his parole. However, Pelt was not released from NMCD to the community until May 28, 2013. Pelt remained in the community until July 2, 2015, when he was arrested for violating the terms of his probation. Although the State withdrew the motion and Pelt's probation was never revoked, his parole was revoked for the same underlying conduct. After serving a

3

period of in-house parole, Pelt was again released to the community on September 6, 2016. Then, on April 22, 2019, Pelt was returned to DOC pending a parole violation hearing and a second parole revocation.

{6}     While serving in-house parole following that second parole revocation, Pelt petitioned for a writ of habeas corpus asserting that he was overdue for his five-year parole duration review hearing and his five-year probation duration review hearing and was entitled to immediate release. The district court, implicitly relying on the general probation statute, § 31-20-5, and explicitly referencing the sex-offender-specific probation statute, § 31-20-5.2(B), agreed that Pelt was entitled to both a probation duration review hearing and a parole duration review hearing.[1] The district court also concluded that Pelt had served nine years and seven months on probation, which accounts for both Pre-Release Time and Revocation Time. This appeal followed.

---

[1]The district court did not specify whether the probation or parole hearing should occur first, nor do we opine on that issue, as it is not before us. We take this opportunity to highlight the statute's instruction that "the period of probation shall be served subsequent to any required period of parole." Section 31-20-5(B)(1). It is unclear, and the parties have not addressed, what effect this provision might have on a district court's jurisdiction to act with respect to a probationer's term while that probationer is still serving parole and, accordingly, still subject to the Parole Board's jurisdiction.

## II.    DISCUSSION

{7}    "In appeals pertaining to habeas corpus proceedings, we defer to the district court's findings of fact if supported by substantial evidence. . . . However, we review questions of law or mixed fact and law de novo." *Miller v. Tafoya*, 2003-NMSC-025, ¶ 9, 134 N.M. 335, 76 P.3d 1092. At its core, however, this case presents a question of statutory interpretation, which the Court reviews de novo. *State v. Sena*, 2023-NMSC-007, ¶ 15, 528 P.3d 631.

{8}    As we explain, there are key differences between the general and sex-offender-specific probation statutes. Where sex offenders are subject to an indeterminate period of probation not to exceed twenty years, the period of probation for other offenses is capped at five years. *See* § 31-20-5(A); § 31-20-5.2. Also, unlike the general statute, the sex-offender-specific statute does not provide for dual credit for time served on parole. *See* § 31-20-5(B); § 31-20-5.2. Reading those differences harmoniously, however, evinces a coherent scheme of sex-offender probation that provides for an extended period of supervision that is integrable with the process used for other probationers.

### A.    Both the General and Sex-Offender-Specific Statutes Apply to Sex Offenders

{9}    Whether both the general and sex-offender-specific probation statutes apply to sex offenders is a question of statutory interpretation. "The main purpose of

5

statutory interpretation is to give effect to the intent of the Legislature" by looking "only to the plain language of the statute unless the meaning of the language is ambiguous." *Sena*, 2023-NMSC-007, ¶ 15. "As a court, our task is to construe statutes in harmony whenever possible." *State v. Smith*, 2004-NMSC-032, ¶ 13, 136 N.M. 372, 98 P.3d 1022. The plain language of the general and sex-offender-specific probation statutes reveals that there is no conflict between them and that they, in fact, act in harmony to create a coherent statutory scheme.

{10} The general probation statute, § 31-20-5(A), requires a judge to impose probation post-conviction if the judge suspends or defers any or all of the authorized sentence of imprisonment and if the judge determines that "the defendant is in need of supervision . . . that is feasible for the corrections department to furnish." That same provision limits the period of probation to five years for felonies "[e]xcept for sex offenders as provided in Section 31-20-5.2." Section 31-20-5(A). The general probation statute's only other subsection, Subsection (B), provides that where a defendant is required to serve probation following incarceration, "the period of probation shall be served subsequent to any required period of parole, with the time served on parole credited as time served on the period of probation." Section 31-20-5(B)(1). There is a critical caveat to this dual-credit system: "[I]f parole is revoked, the period of parole served in the custody of a correctional facility *shall not* be

6

credited as time served on probation." Section 31-20-5(B)(2) (emphasis added). Unlike Subsection (A), Subsection (B) does not exempt sex offenders from any of its terms. *See* § 31-20-5(B). That is, sex offenders are *not* exempt from the dual-credit and revocation provisions of Section 31-20-5(B).

{11}     Turning to the sex-offender-specific probation statute, Section 31-20-5.2(A) provides:

> When a district court defers imposition of a sentence for a sex offender, or suspends all or any portion of a sentence for a sex offender, the district court shall include a provision in the judgment and sentence that specifically requires the sex offender to serve *an indeterminate period of supervised probation for a period of not less than five years and not in excess of twenty years*. A sex offender's period of supervised probation may be for a period of less than twenty years if, at a review hearing provided for in Subsection B of this section, the state is unable to prove that the sex offender should remain on probation.

*Id.* (emphasis added). This provision differs from the general probation statute by (1) requiring the judge to impose probation where the judge opts to suspend or defer any portion of a sex offender's sentence without exception and (2) imposing an indeterminate period of supervised probation up to twenty years, which is substantially longer than the five-year period allowed under the general statute, § 31-20-5(A). *See* § 31-20-5.2(A).

{12}     The remainder of the sex-offender-specific statute provides for probation

revocation[2] and sets parameters for the terms and conditions of probation as well as the probation duration review processes. Relevant to this appeal, Section 31-20-5.2(B) requires the district court to review the duration of a sex offender's probation after the individual "has served the initial five years of supervised probation." At that five-year mark, and thereafter at two- and one-half-year intervals, the burden is on the state to "prov[e] to a reasonable certainty that the sex offender should remain on probation." *Id.* The need for those provisions only arises because of the indeterminate nature of probation for sex offenders—a feature that is absent in the general probation context.

{13}     There is one key aspect of the general probation statute that is glaringly absent from the sex-offender-specific statute: dual credit for time served on parole. The sex-offender-specific statute does not state that the probationer earns credit toward probation for time the offender served on parole. *See* § 31-20-5.2. Indeed, the statute

---

[2]Although not at issue in this appeal, we note that the provision addressing probation revocation does not conflict with the terms of NMSA 1978, § 31-21-15 (2016), which provides more substantial detail on the process for probation revocation and, importantly, does not distinguish between sex-offenders and probationers. Like the parole provisions in the general probation statute, Section 31-21-15 fills what would otherwise be substantial gaps in the sex-offender probation revocation process. *See, e.g.*, § 31-21-15(A)(1)-(3) (articulating the process required for issuing a warrant, serving the probationer, and arresting "the probationer who has violated the conditions of release").

does not describe the relationship between probation and parole for sex offenders at all. *See id.* The parties do not provide caselaw finding a dual-credit system specific to sex offender probation and parole, nor have we located any. Simply put, if the Court were to conclude that the general probation statute does not apply to sex offenders, then there would be *no basis* for providing dual credit to sex-offender probationers for time served on parole, including credit for any portion of time that a probationer serves on in-house parole.

{14} There is no suggestion in the text of either the general probation statute or the sex-offender-specific statute that the Legislature intended such a result. *See State v. Rael*, 2024-NMSC-010, ¶ 40, 548 P.3d 66 ("[W]e presume that a legislature says in a statute what it means and means in a statute what it says." (internal quotation marks and citation omitted)). The only provisions that differ between the two statutes are those addressing the term of probation imposed. That, alone, does not create a conflict between the statutes. Indeed, reading the statutes in harmony leads to a logical and fair result that comports with our cannons of statutory construction. *See Smith*, 2004-NMSC-032, ¶ 13. Rather than creating a wholly separate scheme, the sex-offender-specific probation statute merely establishes a system of indeterminate probation imposed on sex offenders, where probation for other offenses is limited to five years under the general probation statute. Aside from that indeterminate period

9

distinction, the terms of the general statute—including the system of dual credit—apply to sex offenders.

**B.** **The Limits of Dual Credit and Time Counted Toward a Probation Duration Review Hearing**

{15} The general statute plainly provides that "[i]f a defendant is required to serve a period of probation subsequent to a period of incarceration[,] . . . the period of probation shall be served subsequent to any required period of parole, *with the time served on parole credited as time served on the period of probation.*" Section 31-20-5(B)(1) (emphasis added). It also provides that conditions of probation are "deemed as additional conditions of parole." *Id.* The statute then limits the time on parole credited toward probation, stating that where parole is violated and revoked, "the period of parole served in the custody of a correctional facility shall not be credited as time served on probation." Section 31-20-5(B)(2). Per the latter provision, it is clear that the district court erred in crediting Pelt's Revocation Time toward his probation duration review hearing. As for the district court's inclusion of Pelt's Pre-Release Time, the general statute clearly dictates that Pre-Release Time on parole counts toward probation.

{16} The State argues, nonetheless, that the Pre-Release Time does not count toward the five years of supervised probation necessary for a probation duration review hearing. This argument is unclear and underdeveloped, limited to an assertion

that, "[g]enerally, probation is that time period of supervision served outside of a correctional institution, in regards to a sentence (or that portion of a sentence) which is deferred or suspended." The State then cites Section 31-20-5(A) and NMSA 1978, Section 31-21-5(A) (1991, amended 2023), the latter of which defines *probation* in terms of a defendant being "released." In essence, the State asserts that only the time a probationer serves in the community should count toward entitlement to a probation duration review hearing.

{17}     That reasoning mirrors the state's argument in *State v. Thompson*, which exclusively addressed whether time served on in-house parole counts toward the required parole time served for purposes of a parole duration review hearing. 2022-NMSC-023, ¶¶ 20, 25, 521 P.3d 64. In *Thompson*, the state argued that the statutory definition of parole required "'*release to the community*'" in order for the time served to be credited toward a parole duration review hearing. *Id.* ¶ 19.

{18}     In the context of probation, the State's definitional argument is weaker than it was in *Thompson*. Unlike parole, probation is not defined with reference to the community. *Compare* § 31-21-5(A) (1991), *with* § 31-21-5(B) (1991). Instead, probation is defined as "the procedure under which an adult defendant, found guilty of a crime upon verdict or plea, is released by the court without imprisonment under a suspended or deferred sentence and subject to conditions." Section 31-21-5(A)

11

(1991). That definition does not reference release to the community, and reading in such a requirement would create a conflict between the definition and Section 31-20-5. Section 31-20-5 plainly contemplates a term of probation after a period of imprisonment, providing for how probation and parole are ordered *following a period of incarceration*. *See* § 31-20-5(B)(1) ("If a defendant is required to serve a period of probation *subsequent to a period of incarceration*[,] . . . the period of probation shall be served subsequent to any required period of parole." (emphasis added)). That section also provides that Pre-Release Time on parole, which is served in a correctional facility, counts towards probation. *See* Section 31-20-5(B)(1). We decline to read language into the probation statute, particularly language that would contradict other statutory provisions.

{19}    Further, the provision of the sex-offender-specific statute requiring a probation duration review hearing after the initial five years of supervised probation does not state that the probationer must serve that time outside of a correctional facility in order to warrant the probation duration review hearing. *See* § 31-20-5.2(B) ("When a sex offender has served the initial five years of supervised probation, at each review hearing the state shall bear the burden of proving to a reasonable certainty that the sex offender should remain on probation."). Reading that requirement into the statute would result in two clocks running simultaneously: one

clock that tallies all time on probation, including Pre-Release Time, but which does not count toward a probation duration review hearing, and a second clock that only tracks time served on probation outside a correctional facility solely for purposes of a probation duration review hearing. The State does not provide any justification for that system, let alone a well-reasoned, principled one.

{20} Finally, Section 31-20-5(B) ensures that a probationer will serve their term of probation in the community save any Pre-Release Time. That section expressly provides that a sex-offender probationer cannot earn credit for probation while serving parole in a correctional facility following a parole violation. Section 31-20-5(B)(2). And with the conditions of probation serving as additional conditions of parole, a probationer will not earn credit toward their probation duration review hearing while incarcerated for a violation of either set of conditions. *See* Section 31-20-5(B). Under such a scheme, any concerns about time served in a facility rather than in the community, while salient in the parole context, ring hollow under the probation statutes.

## III.  CONCLUSION

{21} The Legislature excepted Revocation Time from the time that counts toward probation but expressly stated that, otherwise, time served on parole counts toward probation. Section 31-20-5(B). The State provides neither authority nor reason to

discount Pre-Release Time when calculating the time properly credited for a probation duration review hearing. Accordingly, we hold that, under the terms of the general probation statute, § 31-20-5(B), Pre-Release Time counts toward a sex-offender probationer's five-year probation duration review hearing, but Revocation Time does not. Because the district court included both buckets of time in its order concluding that Pelt is entitled to a probation duration review hearing, we reverse and remand to the district court with instructions to recalculate the time credited toward Pelt's probation duration review hearing in accordance with this opinion.

{22}     **IT IS SO ORDERED.**

 

_____

**DAVID K. THOMSON, Chief Justice**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Justice**

_____
**C. SHANNON BACON, Justice**

_____
**JULIE J. VARGAS, Justice**

_____
**BRIANA H. ZAMORA, Justice**